Angel R. Sevilla (State Bar No. 239072)
Trenten N. Bilodeaux (State Bar No. 332692)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Angel.Sevilla@jacksonlewis.com
E-mail: Trenten.Bilodeaux@jacksonlewis.com

Attorneys for Defendants,
CONSTELLIS, LLC and TRIPLE CANOPY, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO CASTANEDA,<br><br>Plaintiff,<br><br>vs.<br><br>TRIPLE CANOPY, INC.; CONSTELLIS, LLC.; CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; LISANDRA PEREZ; and DOES 1 TO 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF ANGEL R. SEVILLA IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332, 1441, AND 1446 DIVERSITY JURISDICTION]<br><br>State Complaint Filed: October 6, 2025<br>Complaint Served: October 25, 2025<br>Removal Date: November 12, 2025<br><br>*[Filed concurrently with Civil Cover Sheet; Notice of Removal; Declarations of Katherine McKenzie-Veal and Krystle Figueroa; Certificate of Interested Persons; and Corporate Disclosure Statement]* |

I, Angel R. Sevilla, declare:

1. I am an attorney licensed to practice law in the State of California and admitted to appear before this Court. I am a Principal with the law firm of Jackson Lewis P.C., attorneys of record in this matter for Defendants, CONSTELLIS, LLC ("Constellis") and TRIPLE CANOPY, INC. ("Triple Canopy") (collectively referred to in the Complaint and herein as "Entity Defendants"). Except for matters based on information and belief, I have personal knowledge of

the matters stated herein, and if called to testify as to these matters, I could and would do so competently.

2. On October 6, 2025, Plaintiff Lorenzo Castaneda ("Plaintiff") filed a lawsuit in the Superior Court of California in and for the County of Sacramento, entitled *Lorenzo Castaneda vs. Triple Canopy, Inc., et al.,* Case No. 25CV023548 ("Complaint"). Attached hereto as **Exhibit A** is a true and correct copy of the Complaint, Civil Case Cover Sheet, and Notice of Case Assignment.

3. On October 7, 2025, a summons was filed and issued. Attached hereto as **Exhibit B** is a true and correct copy of the Summons.

4. Plaintiff served the Summons and Complaint on the Entity Defendants on October 25, 2025. Upon information and belief, Plaintiff has not served the Summons and Complaint on the individually named Defendant, Lisandra Perez.

5. The Entity Defendants filed an Answer to Plaintiff's Complaint in the Superior Court on November 7, 2025. Attached hereto as **Exhibit C** is a true and correct copy of the Answer filed by the Entity Defendants.

6. According to the Sacramento County Superior Court Docket, no Proofs of Service on Perez or any Doe Defendant have been filed in this matter. As of the date of this Removal, the attached **Exhibits A** to **C** constitute the only pleadings filed in this Action. No further pleadings have been filed and no further proceedings have occurred in the state court. A true and correct copy of the current Sacramento County Superior Court Docket for this matter is attached as **Exhibit D**.

7. In accordance with 28 U.S.C. § 1446(d), a copy of Entity Defendants' Notice of Removal is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Sacramento. Notice of compliance shall be filed promptly afterwards with this Court.

I am a member of the Bar of this Court and declare, under penalty of perjury, under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 12th day of November 2025, at San Francisco, California.

Angel R. Sevilla

# EXHIBIT A

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Carney R. Shegerian, Esq. | SBN 150461
SHEGERIAN & ASSOCIATES, INC.
320 N. Larchmont Boulevard, Los Angeles, California 90004
TELEPHONE NO.: (310) 860-0770 FAX NO. : (310) 860-0771
EMAIL ADDRESS: CShegerian@ShegerianLaw.com
ATTORNEY FOR *(Name):* Plaintiff, Lorenzo Castaneda

*FOR COURT USE ONLY*

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
10/06/2025
By: T. Dyer Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
Castaneda v. Triple Canopy, Inc., et al.

## CIVIL CASE COVER SHEET

[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

## Complex Case Designation

[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 25CV023548
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Nine (9) Causes of Action
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 6, 2025

Carney R. Shegerian, Esq.
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
10/06/2025
By: T. Dyer Deputy

Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Aaron Gbewonyo, Esq., State Bar No. 315889
AGbewonyo@Shegerianlaw.com
Anthony Gavrilchenko, Esq., State Bar No. 357352
AGavrilchenko@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 N Larchmont Boulevard
Los Angeles, California 90004
Telephone Number: (310) 860 0770
Facsimile Number: (310) 860 0771

Attorneys for Plaintiff,
LORENZO CASTANEDA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

LORENZO CASTANEDA,

Plaintiff,

vs.

TRIPLE CANOPY, INC.; CONSTELLIS, LLC.; CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; LISANDRA PEREZ; and DOES 1 to 100, inclusive,

Defendants.

Case No.: 25CV023548

**PLAINTIFF LORENZO CASTANEDA'S COMPLAINT FOR DAMAGES FOR:**

**(1) DISCRIMINATION IN VIOLATION OF THE FEHA;**

**(2) RETALIATION IN VIOLATION OF THE FEHA;**

**(3) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT OR RETALIATION;**

**(4) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;**

**(5) WHISTLEBLOWER RETALIATION (LABOR CODE § 1102.5);**

**(6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**(7) FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF THE FEHA;**

**(8) NEGLIGENT HIRING, SUPERVISION, AND RETENTION;**

**(9) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA;**

**DEMAND FOR JURY TRIAL**

# TABLE OF CONTENTS

**Page**

SUMMARY ........ 1

PARTIES ........ 1

VENUE ........ 3

FACTS COMMON TO ALL CAUSES OF ACTION ........ 4

FIRST CAUSE OF ACTION ........ 6

Discrimination on the Bases of Disability (Violation of Government Code § 12900, *et seq.*) Against All Defendants; and Does 1 to 100, Inclusive ........ 6

SECOND CAUSE OF ACTION ........ 7

Retaliation for Engaging in Protected Activity (Violation of Government Code § 12940, *et seq.*) Against Entity Defendant; and Does 1 to 100, Inclusive ........ 7

THIRD CAUSE OF ACTION ........ 8

Failure to Prevent Discrimination, Harassment, or Retaliation (Violation of Government Code § 12940(k)) Against Entity Defendants; and Does 1 to 100, Inclusive ........ 8

FOURTH CAUSE OF ACTION ........ 10

Wrongful Termination of Employment in Violation of Public Policy (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167) Against Entity Defendants; and Does 1 to 100, Inclusive ........ 10

FIFTH CAUSE OF ACTION ........ 11

Whistleblower Retaliation (Violation of Labor Code § 1102.5, *et seq.*) Against Entity Defendants; and Does 1 to 100, Inclusive ........ 11

SIXTH CAUSE OF ACTION ........ 12

Intentional Infliction of Emotional Distress (*Hughes v. Pair* (2009) 46 Cal.4th 1035) Against All Defendants; and Does 1 to 100, Inclusive ........ 12

SEVENTH CAUSE OF ACTION ........ 13

Failure to Provide Reasonable Accommodation (Violation of Government Code § 12940(a), (i), (m), (n)) Against Entity Defendant and Does 1 to 100, Inclusive ........ 13

EIGHTH CAUSE OF ACTION ........ 14

Negligent Hiring, Supervision, and Retention (*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038) Against Entity Defendant; and Does 1 to 100, Inclusive ........ 14

NINTH CAUSE OF ACTION ........ 15

Failure to Engage in the Interactive Process (Violation of Government Code § 12900, *et seq.*) Against Entity Defendant; and Does 1 to 100, Inclusive ........ 15

PRAYER ........ 16

Plaintiff, Lorenzo Castaneda, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by Plaintiff, Lorenzo Castaneda ("Plaintiff" or "Castaneda"), whose employment with Defendants Triple Canopy, Inc. and Constellis, LLC ("Entity Defendants") was wrongfully terminated. Plaintiff brings this action against Defendants for economic, non-economic, compensatory, and punitive damages pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:* Plaintiff Castaneda is a resident of the County of Sacramento, California.

2. *Defendants:* Entity Defendants are, and at all times mentioned in this Complaint were, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Sacramento. Entity Defendants' place of business where the following causes of action took place was and is in the County of Sacramento, at 800 Capitol Avenue, Sacramento, CA 95814. Defendant Lisandra Perez ("Perez") is, and at all times mentioned in this Complaint was, a resident of Sacramento County, California. Defendant Perez is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendants. Defendant California Employment Development Department ("EDD") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Sacramento.

3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes,

and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants."

4. *Relationship of defendants:* All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

5. Entity Defendants directly and indirectly employed Plaintiff, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6. In addition, Entity Defendants compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7. Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

**VENUE**

8. The actions at issue in this case occurred in the State of California, in the County of Sacramento. Under the California Fair Employment and Housing Act, this case can alternatively, at Plaintiff's choice, be filed:

> [I]n a county in which the department has an office, *in a county in which unlawful practices are alleged to have been committed*, in the county in which records relevant to the alleged unlawful practices are maintained and administered, in the county in which the person claiming to be aggrieved would have worked or would have had access to public accommodation, but for the alleged unlawful practices, in the county of the defendant's residence or principal office. . . (Italics and bolding added)

(California Government Code § 12965(b).)

9. Here, the Plaintiff worked primarily in California in the County of Sacramento. The location where Plaintiff worked was at Entity Defendants' facility in Sacramento, California. Sacramento is located in Sacramento County, California. The majority of the unlawful actions on the part of Entity Defendants occurred in Sacramento County.

10. "[I]n the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the actions shows that the case is brought is, prima facie, the proper county for the commencement and trial of the action." (*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921, 928.) The FEHA venue statute – section 12965(b) – thus affords a wide choice of venue to persons who bring actions under FEHA. (*Brown v. Superior Court* (1984) 37 Cal.3d 477, 486.) "[T]he special provisions of the FEHA venue statute control in cases involving FEHA claims joined with non-FEHA claims arising from the same facts." (*Id*. at 487.)

## FACTS COMMON TO ALL CAUSES OF ACTION

11. *Plaintiff's hiring:* On or around July 10, 2023, Castaneda was hired by Entity Defendants as a security guard for the Sacramento EDD premises.

12. *Plaintiff's protected status and activity:*

a. Castaneda suffered from a disabling condition during his employment.

b. Castaneda made complaints about discrimination on the basis of his disability to Entity Defendants.

13. *Defendants' adverse employment actions and behavior:*

a. Prior to being hired, Castaneda informed Entity Defendants that he was deaf. On or around July 25, 2023, Castaneda was instructed to attend orientation, and requested that he be allowed to bring an interpreter to that orientation at no cost to Entity Defendants. Castaneda explained that he would not need an interpreter for his day-to-day duties, however, required one for his initial training.

b. On or around July 30, 2023, Abid Rahman instructed Castaneda not to attend orientation, stating that he would speak with Entity Defendants' Human Resources department about Castaneda's accommodation request. On or around August 1, 2023, Castaneda received a reasonable accommodation request form from Lisandra Perez ("Perez"), head of Human Resources for Triple Canopy, Inc.

c. On or around August 1, 2023, Castaneda sent his reasonable accommodation request to Rahman and Perez. This request made clear that Castaneda was only requesting an interpreter be allowed to attend his orientation, and that he would not need their assistance during his regular job duties. Notably, Castaneda informed Entity Defendants that he was qualified for the security guard position based on his years of substantially similar experience, during which his disability was reasonably accommodated without a hardship to his former employers.

d. On or around August 16, 2023, Perez informed Castaneda that his reasonable accommodation request had been denied. Perez' letter simply listed the essential duties of a security guard and stated that Entity Defendants were unable to accommodate Castaneda

based on those duties. Perez also claimed that EDD had informed Entity Defendants it was not possible to accommodate Castaneda's request to have an interpreter present solely at his orientation. Castaneda did not receive any offer from Perez, Rahman, any other employee of Entity Defendants, or EDD to discuss what accommodations would be reasonable.

14. *Defendants' termination of Plaintiff's employment:* Following the denial of Castaneda's reasonable accommodations request, his offer of employment was withdrawn.

15. *Economic damages:* As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

16. *Non-economic damages:* As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

17. *Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294, so as to entitle Plaintiff to an award of exemplary/punitive damages. Defendants Perez and Rahman are, and at all relevant times were, managing agents of Entity Defendants for purposes of California Civil Code section 3294(b).

a. *Malice:* Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job action against Plaintiff because of Plaintiff's disability and/or protected complaints, and/or (b) Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation, and wrongful employment termination.

b. *Oppression:* In addition, and/or alternatively, Defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that Defendants' actions against Plaintiff because of Plaintiff's disability and/or protected complaints were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a workplace free of harassment, retaliation, and wrongful employment termination.

18. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

19. *Exhaustion of administrative remedies:* Prior to filing this action, Plaintiff exhausted his administrative remedies by filing a timely administrative complaint with the California Civil Rights Department ("CCRD"), formerly known as the Department of Fair Employment and Housing ("DFEH"), and receiving a CCRD/DFEH right-to-sue letter.

## FIRST CAUSE OF ACTION

**Discrimination on the Basis of Disability**

**(Violation of Government Code § 12900, *et seq.*)**

**Against Entity Defendants; EDD; and Does 1 to 100, Inclusive**

20. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

21. At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on Defendants. This statute requires Defendants to refrain from discriminating against any employee, including but not limited to because of the employee's actual, perceived, and/or history of disability and/or other protected characteristic.

22. Plaintiff's actual, perceived, and/or history of disability and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were substantial motivating reasons in Defendants' decision to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, not to grant

Plaintiff the same raises other employees received, and/or to take other adverse employment actions against Plaintiff.

23. As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

24. As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

25. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

26. Defendants' discrimination was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, entitling Plaintiff to punitive damages.

**SECOND CAUSE OF ACTION**

**Retaliation for Engaging in Protected Activity**

**(Violation of Government Code § 12940, *et seq.*)**

**Against Entity Defendants; EDD; and Does 1 to 100, Inclusive**

27. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

28. At all times herein mentioned, FEHA, Government Code section 12940, et seq., was in full force and effect and was binding on Defendants. This statute requires Defendants to refrain from retaliating against any employee making complaints or opposing discrimination, harassment, or retaliation, or otherwise engaging in activity protected by the FEHA, including for seeking to exercise rights guaranteed under FEHA and/or assisting and/or participating in an investigation, opposing Defendants' failure to provide rights, including rights to complain and to assist in a lawsuit, and/or the right to

be free of retaliation, in violation of Government Code section 12940(h).

29. Plaintiff's seeking to exercise rights guaranteed under FEHA and/or opposing Defendants' failure to provide such rights, including the right to be free of discrimination, harassment, or retaliation, in violation of Government Code section 12940(h), were substantial motivating reasons in Defendants' decision to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

30. As a proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

31. As a proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

32. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

33. Defendants' retaliation was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles Plaintiff to punitive damages against Defendants.

**THIRD CAUSE OF ACTION**

**Failure to Prevent Discrimination, Harassment, or Retaliation**

**(Violation of Government Code § 12940(k))**

**Against Entity Defendants; EDD; and Does 1 to 100, Inclusive**

34. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

35. At all times herein mentioned, FEHA, Government Code section 12940(k), was

in full force and effect and was binding on Defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

36. During the course of Plaintiff's employment, Defendants failed to prevent their employees from engaging in intentional actions that resulted in Plaintiff being treated less favorably because of Plaintiff's disability and/or because Plaintiff had engaged in protected activity. Defendants also failed to prevent their employees from engaging in intentional retaliation against Plaintiff.

37. Plaintiff believes that he was subjected to discrimination, harassment and retaliation because of his disability and/or protected activity.

38. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

39. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

40. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

41. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles Plaintiff to punitive damages against Defendants.

//

//

//

//

//

//

**FOURTH CAUSE OF ACTION**

**Wrongful Termination of Employment in Violation of Public Policy**

**(*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167)**

**Against Entity Defendants; and Does 1 to 100, Inclusive**

42. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

43. Defendants terminated Plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, Plaintiff's employment was terminated in part because of his protected status as a person with a disability, and/or protected activity. Defendants' actions were in violation of, but not limited to, the FEHA, the California Constitution, Government Code section 12900, *et seq.*, and California Labor Code section 1102.5.

44. As a proximate result of Defendants' wrongful termination of Plaintiff's employment in violation of fundamental public policies, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

45. As a result of Defendants' wrongful termination of his employment, Plaintiff has suffered general and special damages in sums according to proof.

46. Defendants' wrongful termination of Plaintiff's employment was done intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles Plaintiff to punitive damages.

47. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.,* Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

//

//

//

//

## FIFTH CAUSE OF ACTION

## <u>Whistleblower Retaliation</u>

## (Violation of Labor Code § 1102.5, *et seq.*)

## Against Entity Defendants; and Does 1 to 100, Inclusive

48. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

49. At all relevant times, Labor Code section 1102.5 was in effect and was binding on Defendants. This statute prohibits Defendants from retaliating against any employee, including Plaintiff, for actually raising complaints of actual or potential illegality, for providing information of such actual or potential illegality, because the employee is believed to have engaged in such conduct, or because the employee may engage in such conduct. The statute also further prohibits Defendants from retaliating against any employee, including Plaintiff, where the employee refused to participate in activity that would result in a violation of the law.

50. Plaintiff raised complaints of actual and/or potential illegality, including but not limited to complaints about violations of the FEHA, California Constitution, and Government Code Section 12900 *et seq*. while he worked for Defendants, and Defendants retaliated against him by taking adverse employment actions, including termination of his employment, against Plaintiff.

51. As a proximate result of Defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

52. As a result of Defendants' adverse employment actions against Plaintiff, Plaintiff has suffered general and special damages in sums according to proof.

53. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles Plaintiff to punitive damages against Defendants.

54. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to California Labor Code section 1102.5(j), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## SIXTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress**

**(*Hughes v. Pair* (2009) 46 Cal.4th 1035)**

**Against All Defendants; and Does 1 to 100, Inclusive**

55. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

56. Defendants' discriminatory and retaliatory actions against Plaintiff constituted severe and outrageous misconduct that went beyond the bounds of decency and caused Plaintiff extreme emotional distress.

57. Defendants' severe and outrageous misconduct both exceeded the normal risks inherent in employment and violated fundamental public policies of this state, including but not limited to those of the FEHA, Government Code section 12900, *et seq*., and the California Constitution.

58. Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

59. As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

60. As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

## SEVENTH CAUSE OF ACTION

## Failure to Provide Reasonable Accommodation

## (Violation of Government Code § 12940(a), (i), (m), (n))

## Against Entity Defendants; EDD; and Does 1 to 100, Inclusive

61. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

62. At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on Defendants. This statute requires Defendants to provide reasonable accommodations to known disabled employees. Within the time provided by law, Plaintiff filed a complaint with the CCRD, in full compliance with administrative requirements, and received a right-to-sue letter.

63. Defendants wholly failed to attempt any reasonable accommodation of Plaintiff's known disability.

64. Plaintiff believes and on that basis alleges that his disability and the need to accommodate his disability were substantial motivating factors in Defendants' termination of his employment.

65. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

66. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

67. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

68. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles Plaintiff to punitive damages against Defendants.

## EIGHTH CAUSE OF ACTION

**<u>Negligent Hiring, Supervision, and Retention</u>**

**(*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038)**

**Against Entity Defendants; and Does 1 to 100, Inclusive**

69. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

70. "California case law recognizes the theory that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee." (*Doe v Capital Cities* (1996) 50 Cal.App.4th 1038, 1054.) "Negligent liability will be imposed on an employer if it 'knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes.'" (*Phillips v. TLC Plumbing, Inc.* (2009) 172 Cal.App.4th 1133, 1139.)

71. Defendants owed a duty of care to Plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct. Defendants owed a duty of care to Plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities. Defendants owed a duty of care to Plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against Plaintiff.

72. Defendants breached these duties. As a result, Defendants caused damage to Plaintiff. As a proximate result of Defendants' negligent hiring, retention, and supervision of their managers and employees, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

//

//

//

//

//

## NINTH CAUSE OF ACTION

**<u>Failure to Engage in the Interactive Process</u>**

**(Violation of Government Code § 12900, *et seq.*)**

**Against Entity Defendants; and Does 1 to 100, Inclusive**

73. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

74. At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on Defendants. FEHA requires Defendants to engage in a timely, good faith interactive process to accommodate disabled employees. Within the time provided by law, Plaintiff filed a complaint with the CRD, in full compliance with administrative requirements, and received a right-to-sue letter.

75. Defendants wholly failed to engage in a timely, good-faith interactive process with Plaintiff to accommodate his known disabilities. Instead, Defendants terminated Plaintiff's employment because of his disabilities.

76. Plaintiff believes and on that basis alleges that his disabilities were a motivating factor in Defendants' termination of his employment.

77. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

78. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

79. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(c), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

80. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles Plaintiff to punitive damages against Defendants.

## PRAYER

WHEREFORE, Plaintiff, Lorenzo Castaneda, prays for judgment against Defendants as follows:

1. For general and special damages according to proof;
2. For exemplary damages, according to proof;
3. For pre-judgment and post-judgment interest on all damages awarded;
4. For reasonable attorneys' fees;
5. For costs of suit incurred;
6. For declaratory relief:
7. For such other and further relief as the Court may deem just and proper;

ADDITIONALLY, Plaintiff, Lorenzo Castaneda, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).

Dated: October 6, 2025

SHEGERIAN & ASSOCIATES, INC.

By: ______________________

Carney R. Shegerian, Esq.

Attorneys for Plaintiff,
LORENZO CASTANEDA

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>Lorenzo Castaneda | |
| DEFENDANT/RESPONDENT:<br>Triple Canopy, Inc. et al | |
| **NOTICE OF CASE ASSIGNMENT<br>AND CASE MANAGEMENT CONFERENCE<br>(UNLIMITED CIVIL CASE)** | CASE NUMBER:<br>25CV023548 |

**THIS NOTICE SHALL BE SERVED BY PLAINTIFF'S COUNSEL ON ALL OTHER PARTIES. ANY PARTY WHO HEREAFTER SERVES SUMMONS IN THIS ACTION UPON A NEW PARTY SHALL SERVE A COPY OF THIS NOTICE ON THE NEW PARTY ALONG WITH THE SUMMONS AND COMPLAINT OR CROSS-COMPLAINT.**

## NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the department indicated below:

| PURPOSE | DEPARTMENT | COURT LOCATION |
|---|---|---|
| **LAW & MOTION** | 53 | Hall of Justice |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and information about hearing reservations, tentative rulings, and requesting oral argument.

## NOTICE – ESTABLISHMENT OF CIVIL HOME COURT SYSTEM, EFFECTIVE NOVEMBER 10, 2025

Pursuant to Standing Order SSC-25-7, the Court intends to establish a Civil Home Court system, whereby an applicable civil matter is assigned to one department for case management and law and motion proceedings. To make the changes necessary to implement the Civil Home Court system, including the reassignment of existing cases to the appropriate departments, beginning October 6, 2025, the Court must temporarily pause the setting of initial case management conferences and close its law and motion reservation system for a period of approximately one month.

Parties are strongly encouraged to visit the Court's website to view Standing Order SSC-25-7 and related public notice for a detailed outline of full implementation information and instructions.

## I. TEMPORARY DELAY IN SETTING INITIAL CASE MANAGEMENT CONFERENCES

a. The Court will pause setting initial case management conferences in all applicable civil matters initiated during the October 6 - November 7, 2025 closure period.

b. Beginning November 10th, the Court will resume setting initial case management conferences in all applicable civil matters. This will include any cases initiated during the closure period and will provide parties with a Notice of Case Assignment and Initial Case Management Conference.

c. The deadline for filing and serving the Case Management Conference Statements will be based upon the date of the initial case management conference once it has been scheduled.

d. Parties must continue to serve all named parties and ensure that all defendants and cross-defendants have responded, been dismissed, or had defaults entered.

**II. TEMPORARY CLOSURE OF LAW AND MOTION RESERVATION SYSTEM**

a. Effective **8:00 a.m., October 6, 2025**, the Court's civil law and motion reservation system will be **closed** to pro per litigants and all counsel. The civil law and motion reservation system will **reopen** at **8:00 a.m., November 10, 2025.** During the period of October 6 - November 10, 2025, pro per litigants and all counsel will be unable to obtain a new law and motion reservation for ANY date, not just a date during the closure period. Upon reopening of the reservation system, pro per litigants and all counsel will be able to access the reservation system in the same manner as prior to the closure.

b. Hearings for ex parte applications/relief will still be set during the October 6 - November 7, 2025 closure period. Reservations for such hearings may only be made by calling 916-874-7848 or 916-874-7858.

c. Parties must review Standing Order SSC-25-7 and the most current public notice available on the Court's website for a detailed outline of all law and motion related reservation and filing instructions which must be followed during the temporary closure period.

Dated: 10/07/2025 By: /s/ T. Dyer
T. Dyer, Deputy Clerk

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
10/07/2025
By: T. Dyer Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

Triple Canopy, Inc.; Constellis, LLC.; California Employment Development Department; Lisandra Perez; and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

Lorenzo Castaneda

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Gordon D. Schaber Sacramento County Courthouse
720 9th Street
Sacramento, CA 95814

CASE NUMBER:
*(Número del Caso):*
25CV023548

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carney R. Shegerian, Esq. | SBN 150461 (310) 860-0770
SHEGERIAN & ASSOCIATES, INC.
320 N. Larchmont Boulevard, Los Angeles, California 90004

DATE: *(Fecha)* 10/07/2025 Clerk, by *(Secretario)* /s/ T. Dyer , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]




**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:

# EXHIBIT C

Angel R. Sevilla (State Bar No. 239072)
Trenten N. Bilodeaux (State Bar No. 332692)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Angel.Sevilla@jacksonlewis.com
E-mail: Trenten.Bilodeaux@jacksonlewis.com

Attorneys for Defendants,
CONSTELLIS, LLC and TRIPLE CANOPY, INC.

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
11/07/2025
By: A. Mocanu Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| LORENZO CASTANEDA,<br><br>Plaintiff,<br><br>vs.<br><br>TRIPLE CANOPY, INC.; CONSTELLIS, LLC.; CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; LISANDRA PEREZ; and DOES 1 TO 100, inclusive,<br><br>Defendants. | Case No. 25CV023548<br><br>**DEFENDANTS CONSTELLIS, LLC AND TRIPLE CANOPY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**<br><br>State Complaint Filed: October 6, 2025<br>Complaint Served: October 25, 2025 |

Defendants, CONSTELLIS, LLC ("Constellis") and TRIPLE CANOPY, INC. ("Triple Canopy") (Constellis and Triple Canopy are collectively referred to in the Complaint and herein as "Entity Defendants"), hereby Answer the unverified Complaint ("Complaint") filed by Plaintiff, LORENZO CASTANEDA ("Plaintiff"), as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 431.30, Entity Defendants deny, generally and specifically, that Plaintiff has been injured by any act or omission by Entity Defendants, or that Plaintiff is entitled to damages, penalties, or any other relief.

**AFFIRMATIVE DEFENSES**

By way of affirmative defense to the allegations of the Complaint herein, Entity Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

*(Failure to State a Cause of Action)*

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Entity Defendants upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

(*Statute of Limitations)*

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or part by the applicable statutes of limitation, including, but not limited to, California Government Code sections 12940 et seq.; California Government Code section 911.4; Code of Civil Procedure sections 335.1, 337, 338(a), 339, 340, and 343; California Labor Code section 203.

**THIRD AFFIRMATIVE DEFENSE**

*(Failure to Exhaust Administrative Remedies)*

Plaintiff's causes of action are barred in whole or in part because Plaintiff failed meaningfully to exhaust his administrative remedies under FEHA, Government Code §12900 *et seq*.

**FOURTH AFFIRMATIVE DEFENSE**

*(Avoidable Consequences)*

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because, to the extent that any actions of Entity Defendants could be construed as discrimination based on disability; failure to accommodate; failure to engage in the good faith interactive process retaliation; failure to prevent discrimination or retaliation; unlawful violation of the California Fair Employment and Housing Act ("FEHA"); unlawful violation of the California Labor Code; or wrongful termination in violation of public policy (all of which Entity Defendants deny), Entity

Defendants exercised reasonable care to prevent such conduct and would have taken immediate and appropriate corrective action to remedy and stop any such alleged misconduct if Plaintiff had informed Entity Defendants about the alleged misconduct. Plaintiff, however, failed to utilize the preventative or corrective remedies provided by Entity Defendants and failed to otherwise avoid such harm. Plaintiff's claims are, therefore, barred, in whole or limited in part, by the doctrine of avoidable consequences.

**FIFTH AFFIRMATIVE DEFENSE**

*(Failure to Mitigate Damages)*

Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred in whole or in part, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages including making reasonable efforts to obtain comparable employment subsequent to his separation.

**SIXTH AFFIRMATIVE DEFENSE**

*(Same Decision and Mixed-Motive Defense)*

Any recovery is barred because, even assuming arguendo that Entity Defendants' actions were motivated in part by a discriminatory or retaliatory reason (which Entity Defendants deny), Entity Defendants would have made the same employment decision(s) towards Plaintiff in any case for legitimate, non-discriminatory, non-retaliatory business reasons. Specifically, Plaintiff's protected classification into which he allegedly falls or protected activity in which he allegedly engages, was not, either individually or collectively, a substantial motivating factor in Entity Defendants' actions toward Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

*(Offset)*

Any recovery for lost wages must be offset or reduced to the extent Entity Defendants already compensated Plaintiff in full or in excess of what was required by law. Alternatively, Entity Defendants are entitled to a set-off for amounts Plaintiff owes Entity Defendants for receipt of wages or other benefits to which he was not entitled.

///

**EIGHTH AFFIRMATIVE DEFENSE**

*(After-Acquired Evidence)*

To the extent discovery or investigation may disclose information which could serve as a basis for any defense by Entity Defendants, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

**NINTH AFFIRMATIVE DEFENSE**

*(Business Necessity / Job Related)*

As a separate and distinct affirmative defense, Entity Defendants allege, without admitting that Entity Defendants engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that any such acts or omissions were justified by a business necessity and/or were job related because there exists an overriding business purpose for the safe and efficient operation of the business, and the challenged practice effectively fulfills the business purpose it is supposed to serve.

**TENTH AFFIRMATIVE DEFENSE**

*(Estoppel)*

The Complaint as a whole, and each purported cause of action alleged therein, is barred to the extent Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Entity Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

*(Unclean Hands)*

Entity Defendants allege, on information and belief, that Plaintiff's Complaint, and each cause of action alleged therein, is barred by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

*(Undue Hardship)*

Plaintiff's First, Second, Seventh, and Ninth Causes of Action are barred to the extent the desired accommodation sought by Plaintiff would impose an undue hardship on Entity Defendants' business operations.

///

**THIRTEENTH AFFIRMATIVE DEFENSE**

*(No Fraud/Malice/Oppression)*

Entity Defendants assert that they acted in good faith and have reasonable grounds for believing their actions did not violate California or federal law. Entity Defendants also assert that they acted without fraud, oppression or malice against Plaintiff or his rights, and it believed it was acting under a legal right and did no more than insist upon these legal rights in a permissible way.

**FOURTEENTH AFFIRMATIVE DEFENSE**

*(Interactive Process)*

Plaintiff's Ninth Cause of Action is barred to the extent Plaintiff failed to participate in the interactive process, which broke down through no fault of Entity Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

*(At-Will Employment)*

Plaintiff's Complaint and each purported cause of action alleged therein asserting that he was terminated for a retaliatory or wrongful reason is barred because Plaintiff's alleged employment with Entity Defendants had no specific term, and therefore was terminable at the will of either party, for any or no reason and with or without notice, pursuant to California Labor Code section 2922.

**SIXTEENTH AFFIRMATIVE DEFENSE**

*(Management Discretion)*

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred in that Entity Defendants' actions were a just and proper exercise of management discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing, and based on legitimate, nondiscriminatory reasons.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

*(No Punitive Damages)*

Plaintiff's claims for punitive damages are barred in that Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud by an officer, director or managing agent of Entity Defendants within the requirements of California Civil Code section 3294.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

*(Pre-existing Physical or Mental Conditions)*

Plaintiff's claims for emotional distress damages are barred, in whole or in part, to the extent Plaintiff seeks redress for physical and emotional injuries arising from preexisting physical or mental conditions.

**NINETEENTH AFFIRMATIVE DEFENSE**

*(Comparative Fault)*

If Plaintiff suffered or sustained any damages or injury as a proximate result of the conduct of Entity Defendants, as alleged in the Complaint, such damages or injury were proximately caused or contributed to by the willful acts and/or negligence of Plaintiff or others, which bars or reduces Plaintiff's right to recover any damages against Entity Defendants. The liability of Entity Defendants and responsible parties named or unnamed, if any, for any injury, damage, or loss sustained by Plaintiff should be apportioned according to their respective degree of fault, and the liability if any, of Entity Defendants should be reduced accordingly. Liability for the amount of non-economic damages, if any, should be allocated to Entity Defendants in direct proportion to its percentage of fault, if any, pursuant to California Civil Code section 1431, *et seq*.

**TWENTIETH AFFIRMATIVE DEFENSE**

*(Unconstitutional Punitive Damages)*

Plaintiff is barred from recovering punitive damages, because they are excessive and violate the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment to the United States Constitution.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

*(Attorneys' Fees and Costs)*

Entity Defendants have engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and Entity Defendants are thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code section 12965 and Code of Civil procedure section 128.5 upon judgment in their favor.

///

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

*(Failure to Use Ordinary Care)*

Any recovery on Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred, in whole or in part, by California Labor Code sections 2854, 2856, and 2857, in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

*(Workers' Compensation Preemption)*

Plaintiff's claims for compensatory damages are barred, in whole or in part, because, to the extent Plaintiff alleges emotional or physical injury, this Court lacks jurisdiction and any recovery is barred by the California Workers' Compensation Act's exclusive remedy doctrine. (Cal. Lab. Code § 3602, *et seq.*)

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

*(Standing / No Employment Relationship)*

Plaintiff's Complaint against individually named Defendants is barred, in whole or in part, because Plaintiff did not have an employment relationship with the individually named Defendants, and the individually named Defendants were not his employer.

**RESERVATION OF ADDITIONAL DEFENSES**

Because Plaintiff's Complaint is couched in broad and conclusory terms, Entity Defendants cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Entity Defendants hereby reserve the right to assert additional defenses, if and to the extent that such defenses are applicable.

**PRAYER**

WHEREFORE, Entity Defendants pray for judgment as follows:

1. That Plaintiff take nothing by his Complaint;
2. That the Complaint and each cause of action be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4. For costs of suit incurred herein, including reasonable attorneys' fees, whether pursuant to Government Code Section 12965(b) or other applicable provisions; and

5. For such other and further relief as the Court deems just and equitable.

Dated: November 7, 2025

JACKSON LEWIS P.C.

By: ______________________________

Angel R. Sevilla
Trenten N. Bilodeaux
Attorneys for Defendants
CONSTELLIS, LLC, and TRIPLE CANOPY, INC.

**PROOF OF SERVICE**

I, the undersigned, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over the age of eighteen (18) years and am not a party to this action.

On November 7, 2025, I caused to be e-served the attached DEFENDANTS CONSTELLIS, LLC AND TRIPLE CANOPY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES in this action by uploading a true and correct copy thereof, in PDF format, for electronic filing and service by EXPRESS NETWORK (a court-approved Electronic Filing Service Provider), pursuant to General Rule 6. Said document to be filed with the Court and e-served on Plaintiff's counsel of record, whose contact information is as follows:

| | |
|---|---|
| Carney R. Shegerian<br>Aaron Gbewonyo<br>Anthony Gavrilchenko<br>SHEGERIAN & ASSOCIATES, INC.<br>320 N. Larchmont Boulevard,<br>Los Angeles, California 90004<br>(310) 860-0770<br>(310) 860-0771<br>cshegerian@shegerianlaw.com<br>agbewonyo@shegerianlaw.com<br>agavrilchenko@shegerianlaw.com | Attorney for Plaintiff<br><br>LORENZO CASTANEDA |

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on November 7, 2025, at San Francisco, California.

Marianne Solano

4906-6515-3398, v. 3

# EXHIBIT D

**25CV023548** CASTANEDA vs TRIPLE CANOPY, INC., et al.

**Unlimited Civil** (Wrongful Termination) Hall of Justice / DEPT 53 - HON. Richard K. Sueyoshi

Filed: 10/06/2025

Back

Case Summary

Documents | Register of Actions | Case Participants

| Date | Message | Category |
|---|---|---|
| 11/10/2025 | Case reassigned to Hall of Justice in Department 53 - Hon. Richard K. Sueyoshi<br>Reason: Other | Assignment |
| 11/07/2025 | Answer<br>Filed by: Triple Canopy, Inc. (Defendant); Constellis, LLC (Defendant)<br>As to: Lorenzo Castaneda (Plaintiff) | Document |
| 10/31/2025 | Proof of Personal Service<br>Filed by: Lorenzo Castaneda (Plaintiff)<br>As to: California Employment Development Department (Defendant)<br>Service Date: 10/27/2025 | Document |
| 10/07/2025 | Case assigned to Hon. Richard K. Sueyoshi in Department 53 Hall of Justice | Assignment |
| 10/07/2025 | Summons on Complaint<br>Issued and Filed by: Lorenzo Castaneda (Plaintiff)<br>As to: Triple Canopy, Inc. (Defendant); Constellis, LLC (Defendant); California Employment Development Department (Defendant) et al. | Document |
| 10/07/2025 | Notice of Case Assignment and Case Management Conference<br>Filed by: Clerk | Document |
| 10/06/2025 | Complaint<br>Filed by: Lorenzo Castaneda (Plaintiff)<br>As to: Triple Canopy, Inc. (Defendant); Constellis, LLC (Defendant); California Employment Development Department (Defendant) et al. | Document |
| 10/06/2025 | Civil Case Cover Sheet<br>Filed by: Lorenzo Castaneda (Plaintiff)<br>As to: Triple Canopy, Inc. (Defendant); Constellis, LLC (Defendant); California Employment Development Department (Defendant) et al. | Document |