UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO CASTANEDA,<br>Plaintiff,<br>v.<br>TRIPLE CANOPY, INC., et al.,<br>Defendants. | No. 2:25-cv-03288-DJC-SCR<br><br>ORDER |

On February 5, 2026, Plaintiff Lorenzo Castaneda filed a Motion to Remand this action to the Sacramento County Superior Court, contending that Defendants fail to establish fraudulent joinder and consequently, this Court lacks diversity jurisdiction because the parties are not completely diverse. For the reasons explained below, the Court DENIES the Motion to Remand.

**BACKGROUND**

Plaintiff Lorenzo Castaneda, a deaf individual who sought a job as a security guard, filed a civil Complaint in the Sacramento County Superior Court against Defendants Triple Canopy, Inc., Constellis, LLC, California Employment Development Department ("EDD"), and Lisandra Perez, asserting a variety of disability discrimination claims under the Fair Employment and Housing Act, an intentional infliction of

emotional distress claim, and certain other claims. (*See generally* Compl. (ECF No. 1-2).) The Complaint alleges the following brief facts:

> Prior to being hired, Castaneda informed Entity Defendants that he was deaf. On or around July 25, 2023, Castaneda was instructed to attend orientation, and requested that he be allowed to bring an interpreter to that orientation at no cost to Entity Defendants. Castaneda explained that he would not need an interpreter for his day-to-day duties, however, required one for his initial training.
>
> On or around July 30, 2023, Abid Rahman instructed Castaneda not to attend orientation, stating that he would speak with Entity Defendants' Human Resources department about Castaneda's accommodation request. On or around August 1, 2023, Castaneda received a reasonable accommodation request form from Lisandra Perez ("Perez"), head of Human Resources for Triple Canopy, Inc.
>
> On or around August 1, 2023, Castaneda sent his reasonable accommodation request to Rahman and Perez. This request made clear that Castaneda was only requesting an interpreter be allowed to attend his orientation, and that he would not need their assistance during his regular job duties. Notably, Castaneda informed Entity Defendants that he was qualified for the security guard position based on his years of substantially similar experience, during which his disability was reasonably accommodated without a hardship to his former employers.
>
> On or around August 16, 2023, Perez informed Castaneda that his reasonable accommodation request had been denied. Perez' letter simply listed the essential duties of a security guard and stated that Entity Defendants were unable to accommodate Castaneda based on those duties. Perez also claimed that EDD had informed Entity Defendants it was not possible to accommodate Castaneda's request to have an interpreter present solely at his orientation. Castaneda did not receive any offer from Perez, Rahman, any other employee of Entity Defendants, or EDD to discuss what accommodations would be reasonable.
>
> Following the denial of Castaneda's reasonable accommodations request, his offer of employment was withdrawn.

(*See Compl.* ¶¶ 13–14.) Defendants timely removed the action to this Court on November 12, 2025. (Not. of Removal ("NOR") (ECF No. 1).) Thereafter, Defendants filed a motion to dismiss the intentional infliction of emotional distress claim, which the Court granted with leave to amend in an oral ruling from the bench. (ECF Nos. 6, 17.) Plaintiff subsequently filed a Motion to Remand, Defendants opposed, and Plaintiff replied. (Mot. (ECF No. 16); Entity Opp'n (ECF No. 22); EDD Opp'n (ECF No. 24); Entity Reply (ECF No. 25); EDD Reply (ECF No. 26). Thereafter, the Court directed both Defendants to file supplemental briefing regarding the February 2026 second administrative charge and took the matter under submission. (ECF No. 28.) Defendants did so and briefing is now complete. (Entity Sur-Reply (ECF No. 29); EDD Sur-Reply (ECF No. 30).)

## LEGAL STANDARD

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). Generally, courts "strictly construe the removal statute against removal jurisdiction." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021). The party asserting federal subject matter jurisdiction bears the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

A case may be removed to federal court if that court would have jurisdiction over the matter. See 28 U.S.C. § 1441; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Subject matter jurisdiction exists in civil cases involving a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. To support diversity jurisdiction, the amount in controversy in the case must exceed $75,000, 28 U.S.C. § 1332(a), and there must be complete diversity between the parties, meaning that "each plaintiff must be diverse from each defendant." *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001).

A party's citizenship is determined by its state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A natural person's domicile is the state in which they physically reside and intend to remain indefinitely. *Id.* A corporation is domiciled in any state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business, also known as its "nerve center," is the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Usually, this is the location of a corporation's headquarters. *Id.*

**DISCUSSION**

The parties disagree whether Plaintiff had an employment relationship with Employment Development Department ("EDD") such that EDD's inclusion in the underlying lawsuit is a "sham defendant" and precludes removal to federal court. Plaintiff asserts he has multiple plausible theories against EDD and that, in any event, a state court would permit amendment of the underlying complaint to state those contractual theories. In Plaintiff's view, fraudulent joinder does not apply to EDD and remand is appropriate. Defendants, in turn, contend that Plaintiff failed to exhaust his administrative remedies against EDD, which deprives the Court of jurisdiction, and alternatively assert that Plaintiff cannot state claims against EDD as a non-diverse defendant. As discussed below, the Court concludes Plaintiff did not sufficiently exhaust his administrative remedies against EDD and that EDD's joinder is fraudulent. Accordingly, remand is not warranted.

**I. Fraudulent Joinder**

Under the doctrine of "fraudulent joinder" or "sham defendant," a federal court may ignore a non-diverse defendant's citizenship if either of two stringent standards are met: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *See*

*Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1044).

Defendants challenge the joinder of Defendant EDD on the second basis. (*See generally* Entity Opp'n, EDD Opp'n.) Under this standard, Defendants must show there is no possibility that a state court would find that the Complaint states a cause of action against these Defendants. *Grancare*, 889 F.3d at 548. Defendants "bear[ ] a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.* (quoting *Hunter*, 582 F.3d at 1046) (alteration in original).

Establishing an inability to state a cause of action against a non-diverse defendant requires more than showing that the claim does not meet the standard for a motion to dismiss under Rule 12(b)(6). Rather, the Court must determine whether "there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)); *Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). "Consequently, if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met." *Ontiveros v. Michaels Stores, Inc.*, No. 12-cv-09437-MMM-FMO, 2013 WL 815975, at *5 (C.D. Cal. Mar. 5, 2013) (collecting cases).

As the Ninth Circuit has recognized, fraudulent joinder is typically used to assert procedural defenses and immunities that are distinct from the underlying merits of the claim. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998); *Grancare*, LLC, 889 F.3d at 548–49 ("A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits."). For example, a successful statute of limitation challenge, *see Ritchey*, 139 F.3d at 1320 and *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), a state law privilege, *see McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.

1987), or other inability to hold the defendant liable, *see United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002), are instances in which fraudulent joinder may be established because those defenses render the claim impossible.

**II. FEHA Claims against EDD**

Plaintiff's claims against EDD are for disability discrimination (first cause of action); retaliation for engaging in protected activity (second cause of action); failure to prevent discrimination, harassment, or retaliation (third cause of action); and failure to provide reasonable accommodation (seventh cause of action). (*See generally* Compl.)

**A. Administrative Exhaustion**

"The timely filing of an administrative complaint is a jurisdictional prerequisite to the bringing of a civil action for damages under FEHA." *Vizcaino v. Areas USA, Inc.*, No. CV 15-417-JFW (PJWX), 2015 WL 13573816, at *2 (C.D. Cal. Apr. 17, 2025) (citations omitted). In his Reply to the Entity Defendants' Opposition, Plaintiff asserts that he filed two administrative charges in this action. (*See generally* Reply to Entity Defendants' Opp'n.) In his moving papers, however, Plaintiff cites to only the October 3, 2025 right-to-sue package he received in response to the administrative charge filed that same day. (Gavrilchenko Decl. (ECF 16-1) ¶ 2, Ex. 2; Mot. at 11.) Moreover, the Entity Defendants' Opposition addresses that initial charge. Plaintiff filed a second charge on February 27, 2026, after Defendants filed their Opposition, and attached that filing as an exhibit to his Reply brief. (*See* Reply to Entity Opp'n at Ex. 1.) The Court directed the Defendants to file supplemental briefing regarding the sufficiency of the second administrative charge. Defendants timely filed supplemental briefing. The parties do not dispute the timeliness of Plaintiff's administrative charge filings but dispute the content and legal effect of those filings.

////

////

**1. October 3, 2025 Administrative Charge**

The relevant contents of the October 3, 2025, charge are as follows:

> Complainant alleges that on or about **August 16, 2023**, respondent took the following adverse actions:
>
> **Complainant was harassed** because of complainant's other, disability (physical, intellectual/developmental, mental health/psychiatric).
>
> **Complainant was discriminated** against because of complainant's other, disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, denied hire or promotion, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied accommodation for a disability.
>
> **Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, denied hire or promotion, denied any employment benefit or privilege, other, denied work opportunities or assignments.
>
> **Additional Complaint Details**: The facts include but are not limited to discrimination, harassment, and retaliation from management and coworkers on the basis of the following protected categories, which include but are not limited to: disability, ethnicity, and other protected categories. That, among other things, formed the underlying basis for complainant's termination and/or subjected complainant to additional adverse employment actions.
>
> Additional harms, include but are not limited to failure to prevent discrimination, harassment, and/or retaliation, denied a work environment free of harassment, discrimination and/or retaliation, failure to engage in a good faith interactive process, failure to offer reasonable accommodations and retaliation for engaging in protected activity.

(Oct. 2025 Admin. Charge (ECF No. 16-1), Ex. 2 (emphasis in original).) In the Entity Defendants' Opposition to the Motion, Defendants Constellis, Triple Canopy, and Perez contend Plaintiff did not administratively exhaust his remedies because his administrative charge failed to support the asserted FEHA violations with factual specificity and consequently did not put EDD on notice of the potential claims. (*See*

Entity Opp'n (ECF No. 22) at 10–13.) In rebuttal, Plaintiff asserts that Defendants have not carried their burden to establish fraudulent joinder and that there is a possibility that a state court would find that Plaintiff has administratively exhausted his remedies.

In support of his argument, Plaintiff points to a prior decision from the underlying state court judge to whom this matter was originally assigned, *Chaidez v. Los Rios Community College*, 2022 Cal. Super. LEXIS 8350 (Feb. 25, 2022), in which the judge found administrative exhaustion was met notwithstanding generally pled administrative FEHA claims. (Entity Reply (ECF No. 25) at 7 (citing case and identifying judge).) In *Chaidez*, the state judge declined to grant a demurrer to an amended complaint for failure to exhaust administrative remedies, reasoning that the charge was sufficiently detailed to permit the employer to investigate the claims and, additionally, because the plaintiff received an immediate right-to-sue notice, the court was "not concerned with the level of factual specificity in the DFEH complaint in evaluating whether the plaintiff has exhausted his administrative remedies."[1] *Id.* at *10. In other words, because the plaintiff "provided a date of harm and provided a general description of the alleged discriminatory and retaliatory acts . . . the [c]ourt will not endeavor to require any higher level of specificity," particularly because the allegations as written were sufficient for DFEH to grant a right to sue letter. *Id.* at *11–12.

In arriving at this conclusion, the trial judge in *Chaidez* relied on a federal decision in *DelGiacco v. Cox Communications, Inc.*, No. 8:14-cv-00200-DOC-DFM, 2015 WL 1535260, at *10–11 (C.D. Cal. Apr. 6, 2015), in which the federal court concluded that a vague DFEH complaint was still sufficiently administratively exhausted because of DFEH's practice – as a matter of course – of issuing right-to-sue letters without reviewing administrative complaints. The *DelGiacco* court reasoned

[1] In July 2022, DFEH has changed its name to the California Civil Rights Department ("CRD"). CIVIL RIGHTS DEPARTMENT, https://calcivilrights.ca.gov/aboutcrd/ (last accessed July 20, 2026). The Order uses DFEH and CRD interchangeably to refer to the same agency.

that "[i]f the DFEH's practice is not to investigate, it does not make sense for the Court to bar litigants from court for failing to give DFEH enough detail to investigate." 2015 WL 1535260, at *11. The court further found that "Defendants have not provided any binding legal authority for the proposition that a court can or should deny a plaintiff access to the courts based on a factually vague DFEH complaint where the DFEH has already issued a right-to-sue letter." *Id.* at *10.

While these cases might be persuasive as to the adequacy of the October 2025 Administrative Charge with respect to the Entity Defendants, EDD stands in different shoes. Plaintiff was not an employee of EDD, and greater specificity as to EDD's actions would be required to place EDD on notice of its alleged role with respect to Plaintiff. Unlike an employer, who will have records of its interactions with an employee and may be readily able to discover what occurred by reference to that employee and a date, here EDD would have had a relationship with the Entity Defendants, not the Plaintiff. Given that the October 2025 Administrative Charge lacked any recitation of underlying facts as to EDD, it could not provide EDD with notice of its allegedly unlawful conduct toward Plaintiff. *Vizcaino v. Areas USA, Inc.*, No. 2:15-cv-00417, 2015 WL 13573816, at *3 (C.D. Cal. Apr. 17, 2015) (finding charge "wholly failed to set forth the particulars of alleged violations of FEHA . . . and did not contain . . . facts and theories to support" FEHA claims); *see also Foster v. Bank of America, Nat. Ass'n*, 2014 WL 4092311, at *5 (E.D. Cal. Aug. 14, 2014) (finding "absence of any facts concerning [Defendant's] allegedly unlawful conduct" not sufficient to exhaust FEHA administrative remedies); *Tonoyan v. W. Refin. Retail, LLC*, No. 2:19-cv-08728-AB-ASx, 2020 WL 13132899, at *2 (C.D. Cal. Feb. 5, 2020) (concluding administrative complaint "deficient on its face because it fails to set forth any facts supporting Plaintiff's FEHA claims").

The Court is not persuaded that the mere naming of EDD as a co-Respondent in the caption of the administrative charge, on these facts, is enough to provide adequate notice. Even if DFEH had conducted an investigation, there was nothing to

investigate as no facts regarding EDD were described. "The function of an administrative complaint is to provide the basis for an investigation into an employee's claim of discrimination against an employer, and not to limit access to the courts. A strict rule would harm victims of discrimination without providing legitimate protection to individuals who are made aware of the charges through the administrative proceeding. *If they are described in the charge as the perpetrators of the harm*, they can certainly anticipate they will be named in parties in any ensuing lawsuit." *Saavedra v. Orange County Consol. Transp. etc. Agency* (1992) (quoting *Martin v. Fisher*, 11 Cal. App. 4th 118, 122 (1992). Because there are no facts implicating EDD in this charge, EDD could not anticipate that it would be named as a party in any ensuing lawsuit.

Significantly, this is not a case in which there was an error in naming the correct corporate entity. For example, In *DelGiacco*, while the parties did dispute which entity was plaintiff's correct employer, the available choices were all related entities who shared variations on the name "Cox." There was also conflicting evidence as to which Cox entity did what, leading to "understandable" confusion for the plaintiff. 2015 WL 1535260, at *12. In such a scenario, the *DelGiacco* court accepted that the plaintiff's reference to two "Cox" entities in the initial administrative charge – albeit the wrong ones – to be "sufficiently broad" to include all the "Cox" entities and ultimately exhaust remedies as to the correct Cox employer. *Id.* In contrast to *DelGiacco*, in which plaintiff made a minor procedural mistake as to the proper defendant, Plaintiff here appears to be shoehorning in an entirely different organization based on the barest of interactions. The Court's decision to draw a line here is not to countenance a "procedural gotcha," as Plaintiff contends, but to insist that Plaintiff's charge provide sufficient and fair notice and fulfill the purpose of administrative exhaustion. The October 3, 2025 charge did not provide such notice to EDD.

Consequently, the Court concludes that Plaintiff has not exhausted his administrative remedies as to EDD in the first administrative charge.

**2. February 27, 2026 Administrative Charge**

Plaintiff alternatively asserts that his February 2026 amendment of his administrative charge exhausted his administrative remedies. (Entity Reply at 13–14.) Plaintiff is incorrect. Failure to exhaust administrative remedies through the first administrative charge cannot be cured through amendment. *See Ovieda v. Sodexo Operations, LLC*, No. 2:12-cv-01750-GHK-SSx, 2013 3887873, at *5 (C.D. Cal. Jul. 3, 2013) (holding that "allowing an amended notice to be submitted after the civil action has already been filed defeats the very purpose of the exhaustion requirement").

Plaintiff's reliance on *Rizvanovic v. Amazon.com Services* is unavailing. No. 1:21-cv-01804-JLT-CDB, 2024 WL 1886495 (E.D. Cal. Apr. 30, 2024). There, the plaintiff filed an amended charge after litigation commenced — but before the statute of limitations had lapsed — that added class claims. *Id.* at *14. The court found the amended charge exhausted administrative remedies because it was timely filed. *Id.* Unlike this case, however, there was no dispute that the original DFEH charge sufficiently exhausted remedies against Amazon, the alleged employer. In *Rizvanovic*, the court acknowledged that the administrative exhaustion process must be followed: "Before pursuing a civil action asserting a violation of the FEHA, an employee must filed an administrative complaint with the DFEH and obtain a right-to-sue letter from the agency." *Id.* at *14 (citation omitted). "Exhaustion of these procedures is mandatory; an employee may not proceed in court with a FEHA claim without first obtaining a right-to-sue letter." *Id.* Here, lacking an initial compliant administrative charge in the first instance, Plaintiff's belated amended charge cannot cure his noncompliance with the administrative exhaustion procedure.

Having found Plaintiff failed to administratively exhaust remedies against EDD in any administrative charge, which would categorically prevent Plaintiff from bringing claims against EDD in this action, the Court concludes that EDD is fraudulently joined such as this Court properly has diversity jurisdiction over this matter.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 16) is DENIED.

IT IS SO ORDERED.

Dated: **July 30, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC8 – Castaneda.25cv3288.mtr